UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ELFGEEH MUFID, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00097-JMS-MG |
| | ) | |
| T. J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Elfgeeh Mufid, a federal inmate currently incarcerated at USP Coleman, petitions for a writ of habeas corpus challenging a deprivation of good conduct time related to Incident Report No. 3213607. For the reasons explained in this Order, the petition is **denied**.

**A. Overview**

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Smith v. Bezy*, 141 F. App'x 479, 481 (7th Cir. 2005). In a prison disciplinary proceeding, the due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

1

### B. The Disciplinary Proceeding

On January 15, 2019, Officer Hughes prepared Incident Report No. 3213607, charging Mr. Mufid with violating: (1) Prohibited Act Code 101—Assault with Serious Injury; (2) Prohibited Act Code 104—Possession of a Homemade Weapon; and (3) Prohibited Act Code 199—Disruptive Conduct. Dkt. 10-1 at 20. The Incident Report alleged that Mr. Mufid stabbed another inmate "with an overhand stabbing motion" while "slamming him into the wall of the cell." *Id.* Staff recovered a weapon from Mr. Mufid, *id.*, and the weapon was described as a "homemade metal weapon sharpened to a point approximately 8" in length with a handle attached," dkt. 10-1 at 27, 36.

Mr. Mufid was notified of the charge on January 17, 2019. Dkt. 10-1 at 23. He indicated that he did not want a staff representative and that he did not wish to have witnesses. *Id.* at 23-24.

A disciplinary hearing occurred on January 22, 2019. Dkt. 10-1 at 16-19. Mr. Mufid admitted that he committed the assault and then told the disciplinary hearing officer, "I did another stabbing before here. It was not considered A 101. The injuries described on this one were not described as serious. I have a lot of injuries including a shattered rib, all from staff. I am a mental health patient. This place dropped my care level for no reason." *Id.* at 16. When the disciplinary hearing officer again asked if Mr. Mufid committed the assault, he responded, "Yes. That's all my statement." *Id.* When asked if he had any issues with the disciplinary process, Mr. Mufid "looked at the ground and shrugged [his] shoulders" instead of providing a verbal answer. *Id.*

The disciplinary hearing officer found Mr. Mufid guilty of violating Prohibited Act Code 101—Assault with Serious Injury and imposed the following sanctions: (1) 41 days lost good conduct time; (2) 45 days disciplinary segregation; (3) 1 month loss of commissary privileges; (4) 1 month loss of telephone privileges; and (5) 365 days loss of MP3 player. *Id.* at 17-18.

Mr. Mufid brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in February 2021. Dkt. 1. The respondent has filed a return, dkt. 10, and Mr. Mufid filed a reply, dkt. 13.

**C. Analysis**

Mr. Mufid does not challenge the adequacy of the written notice of the charges, the adequacy of the written statement articulating the reasons for the disciplinary action and the evidence justifying it, or the sufficiency of the evidence supporting his disciplinary conviction. Nor does he allege that he was deprived of his limited right to present evidence to an impartial decision-maker. Rather, he contends that he should have received a competency evaluation prior to the disciplinary hearing and that he should have received assistance from a translator because he "does not have a fully functioning grasp of the English language." Dkt. 1 at 6-7.

Mr. Mufid is not entitled to habeas relief on the basis that he was denied a competency hearing. The due process rights of prisoners facing disciplinary proceedings are set forth in *Wolff* and *Hill*. These limited procedural guarantees may not be expanded by lower courts. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). The Supreme Court has not established a due process right to a competency evaluation prior to a disciplinary hearing, and this Court will not do so here.

To the extent that Mr. Mufid alleges that the failure to provide a competency hearing violated a written Bureau of Prison policy, prison policies, regulations, or guidelines do not constitute federal law. Instead, they are "primarily designed to guide correctional officers in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Claims based on prison policy are not cognizable and do not form a basis for

habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002). Mr. Mufid is not entitled to habeas relief on this basis.

Next the Court considers Mr. Mufid's argument that his due process rights were violated because he did not receive assistance from a translator. "A criminal defendant is denied due process when he is unable to understand the proceedings due to a language difficulty." *Mendoza v. United States*, 755 F.3d 821, 827 (7th Cir. 2014). Although the Seventh Circuit has not applied this standard to prison disciplinary hearings, several district courts have. *See Jose-Nicolas v. Berry*, 3:15-cv-964-NJR-DGW, 2018 WL 1466769, *6 (S.D. Ill. 2018) (collecting cases).

Even assuming that Mr. Mufid had a due process right to a translator during his disciplinary hearings, he is not entitled to habeas relief. While Mr. Mufid now claims that he does not have a "fully functioning grasp of the English language," dkt. 1 at 7, the respondent has submitted evidence that Mr. Mufid is proficient in English, *see* dkt. 10-2. Moreover, Mr. Mufid used English to respond to questions posed to him during the disciplinary hearing, and there is no evidence in the record that he requested a translator or otherwise expressed confusion during his disciplinary hearing. Dkt. 10-1 at 16-19. In fact, in his reply, Mr. Mufid does not refute the evidence that he is proficient in English. Accordingly, Mr. Mufid's request for habeas relief on this basis is denied.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Mufid to the relief he seeks. Accordingly, the petition for a writ of habeas corpus must be **denied** and the action dismissed with prejudice.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 12/15/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ELFGEEH MUFID
23582-055
COLEMAN - II USP
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov